IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GINO CARLUCCI and )<br>WAYNE A. MOUNTS, )<br>)<br>Defendants. )<br>_____ ) | CRIMINAL ACTION<br><br>No. 10-464-KHV |

**MEMORANDUM AND ORDER**

In 2012, the Court sentenced Wayne Mounts to 63 months in prison, three years of supervised release and ordered that he pay restitution of $767,628.80, including $686,841 to "victims in U.S. District Court, Southern District of Ohio, 05-100 . . . to be paid jointly and severally with Gino Carlucci and Joseph Flickinger."  Judgment In A Criminal Case (Doc. #315) filed January 17, 2012 at 2.  The Court sentenced Gino Carlucci to 188 months in prison, three years of supervised release and ordered that he pay restitution of $893,716.10 as follows: $672,813.00 to "victims in U.S. District Court, Southern District of Ohio, 05-100 . . . to be paid jointly and severally with Wayne Mounts and Joseph Flickinger;" $20,000 to victims in U.S. District Court, Southern District of Ohio, 05-100; $190,903.10 to the IRS; and $10,000 to Robert Garback.  Judgment In A Criminal Case (Doc. #412) filed August 17, 2012 at 2.

On May 13, 2024, the Court ordered the parties to show good cause why, pursuant to 28 U.S.C. § 2042, the Court should not (1) direct the Clerk to disperse funds collected from defendants to the United States District Court for the Southern District of Ohio for payment of defendants' obligations in S.D. Ohio, No. 05-100 and in this case and (2) order that defendants' future restitution payments be made to the United States District Court for the Southern District of

Ohio.  Order To Show Cause (Doc. #553).  This matter is before the Court on the parties' responses.  For reasons stated below, the Court overrules Gino Carlucci's request to reduce the amount of restitution, directs the Clerk to disperse funds to the Southern District of Ohio and orders that defendants make future restitution payments to that court.

I.      **Mr. Carlucci's Objections To Restitution Order**

Mr. Carlucci argues that the restitution order erroneously requires him to pay restitution to the victims of Mr. Flickinger, who separately had to pay restitution in the Southern District of Ohio.  Initially, the Court rejects defendant's argument based on the Ninth Circuit's prior ruling in this case.  On direct appeal, the Ninth Circuit rejected defendant's challenge to the amount of restitution.  Memorandum (Doc. #460-1) filed September 4, 2014 at 9 (district court did not plainly err in concluding that Carlucci essentially made Flickinger's victims his own by unlawfully obtaining their money).[1]

Under the law-of-the-case doctrine, "courts are generally prohibited from considering an issue that has already been decided by that same court or a higher court in the same case."  Cal. Pub. Utilities Comm'n v. FERC, 29 F.4th 454, 462 (9th Cir. 2022).  The mandate rule is closely related to the law-of-the-case doctrine, but is broader.  Id.  Under the mandate rule, a district court cannot vary the mandate of the appellate court or examine it for any purpose other than execution.  United States v. Cote, 51 F.3d 178, 181 (9th Cir. 1995); see Firth v. United States, 554

---

[1]     On defendant's motion under Section 2255, this Court denied defendant's claim that his counsel provided ineffective assistance because they did not object to the restitution order. See Memorandum And Order (Doc. #486) filed April 4, 2018 at 19 (petitioner cannot collaterally attack restitution order in § 2255 motion because such attack does not seek relief from custody) (citing United States v. Thiele, 314 F.3d 399, 401–02 (9th Cir. 2002)).

F.2d 990, 993 (9th Cir. 1977) (mandate controlling on all matters within its compass). While both doctrines seek consistency, finality and efficiency, the mandate rule also serves an interest in preserving the hierarchical structure of the court system. United States v. Thrasher, 483 F.3d 977, 982 (9th Cir. 2007).

Defendant has not cited any potential exception to the mandate rule which would permit the Court to reexamine the amount of restitution. Beyond the mandate rule, defendant cites no statutory authority for this Court to modify the amount of his restitution.[2] The Court therefore overrules Mr. Carlucci's request to modify the original restitution order.

## II.     Procedure For Restitution Payments For Victims In Southern District Of Ohio

Other than defendants' restitution obligation to the IRS, their remaining restitution obligation primarily relates to their obligation—jointly and severally with each other and Mr. Flickinger—to pay the victims in the Southern District of Ohio case. The government argues that the Court should order the Clerk to disperse any funds collected in this action to the Clerk of the Southern District of Ohio to be dispersed to victims in that matter and direct defendants to send

---

[2]     The Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A, 3664, does not permit the Court to reduce the amount of restitution some 12 years after sentencing. See United States v. Wyss, 744 F.3d 1214, 1219 (10th Cir. 2014) (nothing in MVRA authorized district court to reduce amount of restitution three years after sentencing; limited modifications in § 3664(o) would be rendered meaningless if court at any time could reduce restitution in "interests of justice"); see also 18 U.S.C. § 3664(o) (sentence that imposes order of restitution is final judgment notwithstanding fact that (1) sentence can be (A) corrected under Rule 35, Fed. R. Crim. P., and 18 U.S.C. § 3742; (B) appealed and modified under 18 U.S.C. § 3742; (C) amended under subsection (d)(5); or (D) adjusted under 18 U.S.C. §§ 3664(k), 3572, or 3613A; or (2) defendant may be resentenced for violating condition of probation or failing to pay fine or restitution). Under the MVRA, the Court may adjust defendant's payment schedule upon a showing of a material change in financial circumstances, 18 U.S.C. § 3664(k), (o)(1)(D), but Mr. Carlucci does not seek relief under this provision or assert any changed financial circumstances.

future restitution payments to the Southern District of Ohio. Mr. Mounts did not respond to the Court's show cause order. Mr. Carlucci argues that the restitution order is erroneous, but he does not specifically object to the Clerk's transfer of funds to the Southern District of Ohio or the location to which he must send future restitution payments. Because defendants and Mr. Flickinger are jointly and severally obligated to pay $672,813.00 to the victims in the Southern District of Ohio case, the Court (1) directs the Clerk to disperse restitution funds collected from defendants in this case to the United States District Court for the Southern District of Ohio for payment of defendants' obligations in S.D. Ohio, No. 05-100 and in this case and (2) order that defendants' future restitution payments shall be made to the United States District Court for the Southern District of Ohio.

**IT IS THEREFORE ORDERED that (1) the Clerk shall disperse restitution funds collected from defendants in this case to the United States District Court for the Southern District of Ohio for payment of defendants' obligations in S.D. Ohio, No. 05-100 and in this case and (2) defendants shall make future restitution payments to the United States District Court for the Southern District of Ohio.**

**IT IS FURTHER ORDERED** that Gino Carlucci's request to modify the original restitution order is **OVERRULED**.

Dated this 6th day of August, 2024.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
